# EXHIBIT A

# STATE COURT DOCUMENTS

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Anne Graham Bouchillon, as Personal Representative of the Estate of Jordane Michell Bouchillon,<br><br>          PLAINTIFF,<br>VS.<br><br>Michael Carson and Isothermal Textile Services LLC,<br><br>          DEFENDANTS. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br><br><br><br><br>**SUMMONS AND NOTICE**<br>**(JURY TRIAL DEMANDED)**<br><br>C.A. No.:  2021-CP-42-_____ |

**TO THE DEFENDANT MICHAEL CARSON AND ISOTHERMAL TEXTILES, LLC:**

    You are hereby summoned and required to answer the Complaint in this action, a copy of which is herewith served upon you, which was filed in the Office of the Clerk of this Court on the below mentioned date; and to serve a copy of your answer to the Complaint upon the subscriber at their office, 303 East Greenville Street, Post Office Box 4025, Anderson, South Carolina, within thirty days after the service hereof, exclusive of the day of such service.  If you fail to answer the Complaint within that time, judgment by default will be rendered against you for the relief demanded in the Complaint.

    **TO INFANT(S) OVER FOURTEEN YEARS OF AGE**:

    You are further summoned and notified to apply for the appointment of a guardian ad litem to represent you in this action within twenty days after the service of this Summons and Notice upon you.  If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

                                    *s/J. Christopher Pracht*
                                    J. Christopher Pracht, V, S.C. Bar No. 77543
                                    William A. Maxey, S.C. Bar No. 101804
                                    THOMASON & PRACHT, LLP
                                    303 EAST GREENVILLE ST.
                                    Post Office Box 4025
                                    Anderson, South Carolina 29621
                                    Telephone: (864) 226-7222
                                    Fax: (864) 226-7224

Date:  2/11/2021
Anderson, South Carolina                  **ATTORNEYS FOR THE PLAINTIFF**

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT |
| Anne Graham Bouchillon, as Personal Representative of the Estate of Jordane Michell Bouchillon,<br><br>PLAINTIFF,<br><br>VS.<br><br>Michael Carson and Isothermal Textile Services LLC,<br><br>DEFENDANTS. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)**<br><br>C.A. No.: 2021-CP-42-_____ |

COMES NOW the Plaintiff, Anne Graham Bouchillon, as Personal Representative on behalf of the Estate of Jordane Michell Bouchillon and its statutory beneficiaries, who alleges as follows:

### NATURE OF THE ACTION

1. This is a wrongful death and survival action arising from a catastrophic crash involving one automobile and one commercial truck which occurred on Interstate 85 Business in Spartanburg, South Carolina. The crash killed Plaintiff's decedent, Jordane Michell Bouchillon, and is brought by her heirs and the personal representative of her Estate.

### PARTIES

2. Plaintiff Anne Graham Bouchillon is a resident and citizen of Greenville County, South Carolina. She is the personal representative of the Estate of Jordane Michell Bouchillon ("Estate"), which is an open and pending Estate in Greenville County, South Carolina. Plaintiff's decedent, Jordane Michell Bouchillon, ("Jordane") was a twenty-two-year-old student at the time of her death.

3. Upon information and belief, Defendant Michael Carson ("Carson") is an adult individual residing in Spindale, North Carolina.

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

4. Defendant Isothermal Textile Services LLC ("Isothermal") is a limited liability company doing business in South Carolina with its principal place of business in North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Article V, § 11 of the South Carolina Constitution.

6. This Court has jurisdiction over the parties and subject matter of this litigation. While Carson and Isothermal are citizens of North Carolina, this Court has jurisdiction over them pursuant to S.C. Code Ann. § 36-2-803(1).

7. Venue is proper in this Court pursuant to S.C. Code Ann. § 15-7-30.

## FACTUAL BACKGROUND

8. On or about October 4, 2018, Jordane was travelling in her white 2003 Volkswagen in Spartanburg County, South Carolina.

9. Upon information and belief, Jordane merged from Hearon Circle onto Interstate 85 Business South.

10. As Jordane attempted to merge onto Interstate 85 Business South, a large commercial truck driven by Carson was travelling on the same portion of road along I-85 Business South.

11. Jordane attempted to merge into traffic; however, Carson prevented Jordane from being able to merge into the permanent travel lane.

12. Eventually, Jordane was forced to brake and move into the lane of travel behind Carson's large commercial vehicle.

13. Upon information and belief, Jordane then moved into the passing lane to move past the large commercial truck driven by Carson.

14. As Jordane accelerated past the truck, Carson accelerated in an apparent effort to prevent Jordane from passing him.

15. Upon information and belief, Carson became angry with Jordane and was determined to not allow her in front of his vehicle.

16. The two vehicles collided, causing Jordane to lose control of her vehicle.

17. Jordane's 2003 Volkswagen flipped over several times, causing catastrophic damage to the vehicle.

3

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

18. Upon information and belief, Jordane experienced conscious pain and suffering and survived the initial impact of the crash for a period of time before her death.

19. Upon information and belief, Defendant Carson was at all times relevant hereto an employee, servant, owner, partner or other agent acting on behalf of Isothermal. Carson's negligent acts are thereby imputed to Isothermal. As such, Isothermal is liable for Carson's conduct under the doctrine of *respondeat superior* and/or vicarious liability.

20. Carson was at all times relevant hereto a commercial truck driver employed by Defendant Isothermal. Further, Carson was at all times hereto a motor carrier driver pursuant to 49 C.F.R. part 392.3, 49 C.F.R. part 395.1 to 395.8 and SC CODE § 56-5-90.

21. Upon information and belief, Isothermal required Carson to make an excessive and unreasonable amount of trips and drive excessive hours in a given time and as such was careless in its supervision and management of Carson.

22. The negligence of the Defendants caused Jordane's untimely death.

## **SURVIVAL ACTION**
### **S.C. Code Ann. § 15-51-10**

23. Plaintiff incorporates all paragraphs above as if fully stated herein.

24. Decedent, during the course of this incident, suffered injury and damages caused by the actionable conduct of these Defendants, which include, but are not limited to:

    a. Pain and suffering;

    b. Shock and terror;

    c. Mental and emotional distress;

    d. Medical bills;

    e. Severe injury to the whole person.

25. Decedent's causes of action for her injuries and damages survive her death and pass to her Estate.

## **WRONGFUL DEATH ACTION**
### **S.C. Code Ann. § 15-51-20**

26. Plaintiff incorporates all paragraphs above as if fully stated herein.

27. As a direct result of the wrongful acts and omissions of the above-captioned Defendants, Jordane met her untimely death.

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

28. The Plaintiff and the statutory beneficiaries of the Estate have experienced great mental anguish, suffering, grief, sorrow, bereavement, and loss of society, advice, companionship, comfort, protection, and pecuniary benefit.

29. The Plaintiff is informed and believes pursuant to the South Carolina Wrongful Death Act, it is entitled to judgment against the Defendants for an award of actual and punitive damages in an amount to be determined by the trier of fact and for any additional relief the court deems just and proper.

## GROUNDS OF LIABILITY

### NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS – CARSON

30. Plaintiff incorporates all paragraphs above as if fully stated herein.

31. At all times material hereto, Carson had a duty to exercise due care and to operate their vehicle in a safe, controlled, and reasonable manner and a duty to exercise due care in their conduct on or around the roadway so as not to create an unreasonably dangerous condition.

32. Carson breached that duty when he failed to keep a proper lookout, yield the right of way to other vehicles, operated a commercial vehicle at an improper speed given the circumstances, and failed to operate a commercial vehicle in a reasonable and prudent manner.

33. As a result of that breach, Jordane was struck and killed.

34. The injuries and damages sustained by Jordane and by Plaintiff, as personal representative of the Estate, were the direct and proximate result of the negligence, gross negligence, willfulness, wantonness, carelessness, and recklessness of Carson in one or more of the following particulars:

    a. In failing to maintain proper control of his commercial motor vehicle;

    b. In violating one or more of the laws of the State of South Carolina;

    c. By accelerating into Jordane's vehicle;

    d. In failing to properly observe the road and traffic conditions;

    e. In failing to exercise the degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

    f. In acting with a reckless disregard for the rights and safety of others;

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

    g.    In failing to brake when it was clear failing to do so would result in a collision;

    h.    In operating a commercial vehicle in violation of the Federal Motor Carrier Safety Regulations (FCMSR);

    i.    Being otherwise negligent, grossly negligent, willful, wanton, careless, and reckless as will be revealed through discovery.

35. The above referenced actions constitute negligence *per se* and negligence. As more fully set forth above, Carson's wrongful acts and omissions, committed during the course and within the scope of his employment by Isothermal, may be imputed to Isothermal via the doctrine of *respondeat superior*.

36. As a direct and proximate result of the acts and/or omissions of Carson, Plaintiff suffered severe emotional distress and Jordane suffered injuries before death and was ultimately killed.

## NEGLIGENCE, NEGLIGENT HIRING, NEGLIGENT SUPERVISION (DEFENDANT ISOTHERMAL)

37. All previously pled paragraphs are incorporated herein as if stated verbatim.

38. Isothermal owed a statutory and common law duty to Jordane related to the manner with which it owned and operated its for-profit commercial business which included interstate commercial trucking. This includes, but is not limited to, refraining from negligently hiring, negligently supervising, and/or negligently retaining employees in furtherance of its commercial business.

39. Isothermal knew or should have known that Carson was untrained, unable to comply with the Federal Motor Carrier Safety Regulations (FMCSR) and applicable state laws, and further posed a risk to other motorists on the date of the incident alleged herein.

40. Isothermal knew or should have known that Carson's inexperience and lack of training was evidence that he was unable to comply with the FMCSR and South Carolina state law and was therefore an unsuitable driver of a commercial vehicle.

41. Isothermal failed to properly supervise and train Carson and allowed him to operate his vehicle without the most basic training in violation of the FMCSR and South Carolina state law.

42. Further, Isothermal breached its duty to the Plaintiff in one or more of the following particulars:

    a. In failing to conduct a proper investigation of Carson's personal and criminal history;

    b. In allowing Carson to deliver goods on its behalf;

    c. In failing to properly investigate Carson's driving record;

    d. By placing extreme demands upon Carson;

    e. By requiring Carson to make excessive deliveries and/or drive excessive hours in a limited time, thereby endangering the public;

    f. In acting with a reckless disregard for the rights and safety of others;

    g. In violating the FMCSR;

    h. In continuing to employ Carson despite having had actual or constructive knowledge of all the above facts regarding Carson's background;

    i. In continuing to employ Carson as a truck driver despite his unsuitability for the position;

    j. Being otherwise negligent, grossly negligent, willful, wanton, careless, and reckless as will be revealed through discovery.

43. As a direct and proximate result of Isothermal's aforementioned conduct, the Plaintiff's decedent was both injured and killed.

## RELIEF REQUESTED

44. As a direct and proximate result of Defendants' negligence, gross negligence, and recklessness, Plaintiff's decedent suffered conscious pain and suffering, shock and terror, mental and emotional distress, and a loss of earnings. Those injuries survive her death and pass to her Estate.

45. As a direct and proximate result of Defendants' negligence, gross negligence, and recklessness, Plaintiff's statutory beneficiaries have suffered pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of the decedent's society. Additionally, Plaintiff has incurred funeral and estate

ELECTRONICALLY FILED - 2021 Feb 12 2:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200486

administration expenses as a result of Defendants' negligence, gross negligence, and recklessness.

46.   The wrongful acts and omissions of Defendants combined and concurred to bring about Jordane's death and the damages sustained by Plaintiff in her capacity as personal representative of the Estate. As such, Defendants are jointly and severally liable to Plaintiff for actual and punitive damages.

**WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:**

a.   For actual damages according to proof;

b.   For compensatory damages as permitted by law;

c.   For statutory damages as permitted by law;

d.   For punitive damages as determined by the trier of fact;

e.   For all costs of this action;

f.   For such other relief as the trier of fact deems just and proper.

**Furthermore, Plaintiff demands a trial by jury of all issues contained within this complaint.**

Respectfully submitted,

**THOMASON AND PRACHT, LLP**

*s/J. Christopher Pracht*
J. Christopher Pracht, V, S.C. Bar No. 77543
William A. Maxey, S.C. Bar No. 101804
THOMASON & PRACHT, LLP
303. E GREENVILLE Street
Anderson, South Carolina 29622
Telephone: (864) 226-7222
Fax: (864) 226-7224

Date: 2/11/2021
Anderson, South Carolina.                    **ATTORNEYS FOR THE PLAINTIFF**

## AFFIDAVIT OF SERVICE

State of SC                           County of Spartanburg                           Common Pleas Court

Case Number: 2021-CP-42-00486

Plaintiff:
**Anne Graham Bouchillon, as personal representative of the estate of Jordane Mitchell Bouchillon**

vs.

Defendant:
**Michael Carson and Isothermal Textile Services LLC**

For:
Thomason & Pracht Law Firm
Po Box 4025
Anderson, SC

Received by Upstate Private Investigators to be served on **Michael Carson, 160 Alabama Street, Spindale, NC 28160**.

I, Michael Rogers, being duly sworn, depose and say that on the **27th day of February, 2021** at **2:53 pm**, I:

**SUBSTITUTE** served by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Ryan Carson** as **Son** at the address of: **160 Alabama Street, Spindale, NC 28160**, the within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 27th day of February 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

My Commission Expires: 8.14.19

Michael Rogers
Process Server

Upstate Private Investigators
PO Box 2522
Anderson, SC 29622
(864) 940-3393

Our Job Serial Number: UPI-2021000057

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1g

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>C.A. No.: 2021-CP-42-00486 |
| Anne Graham Bouchillon, as Personal Representative of the Estate of Jordane Michell Bouchillon,<br><br>          PLAINTIFF,<br>VS.<br><br>Michael Carson and Isothermal Textile Services, LLC<br><br>          DEFENDANTS. | **ACCEPTANCE OF SERVICE** |

As the attorney for Defendant Isothermal Textile Services, LLC, the undersigned hereby affirms that he has received the Summons and Complaint in the above-captioned matter and that he has authority to accept the Summons and Complaint on behalf of the said Defendant, pursuant to Rule 4(j) of the *South Carolina Rules of Civil Procedure*. This acceptance has the same legal effect as if the said Defendant, through its registered agent, had been served personally. Service is effective as of the date of this document's filing.

/s/ Brandon P. Jones
Brandon P. Jones, S.C. Bar No. 78696
The McKay Firm, P.A.
Post Office Box 7217
Columbia, South Carolina 29202
(803) 256-4645
bjones@mckayfirm.com
*Attorney for Defendant Isothermal Textile Services, LLC*

Columbia, South Carolina
March 17, 2021